UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CLAY BURGON,

    Petitioner,

vs.

ATTORNEY GENERAL, *et al.*,

    Respondents.

2:14-cv-01128-RFB-CWH

**ORDER**

In this habeas corpus action, the petitioner, Nevada prisoner Clay Burgon, filed an amended petition for writ of habeas corpus on April 11, 2017 (ECF No. 36).

Along with his amended petition, Burgon filed a motion for leave to file certain exhibits under seal (ECF No. 38). In that motion, Burgon requests leave of court to file under seal copies of medical and mental health records related to treatment that he received (Petitioner's Exhibits 68, 69, 70, 74 and 75), and a presentence investigation report (Petitioner's Exhibit 73). There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). However, the court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for "improper purposes." *Nixon*, 435 U.S. at 598; *Hagestad v.*

1  *Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana*, 447 F.3d at 1179.  Under Nevada state
2  law, a presentence investigation report is confidential, and is not to be made part of a public record.
3  *See* NRS 176.156(5).  In light of that state law, and in light of the privacy concerns Burgon expresses
4  with respect to the presentence investigation report and the medical and mental health records, the court
5  finds that there is good cause for these exhibits to be filed under seal.

6  Burgon also filed a motion (ECF No. 40) requesting a waiver, for purposes of this case, of Local
7  Rule IA 10-3(e), which requires, with respect to the filing of exhibits, that the cover sheet for each
8  exhibit must include a descriptor of the exhibit.  The court finds that, in this habeas corpus action, in
9  light of the number of exhibits petitioner has filed, there is good cause to waive the requirement that the
10 cover sheet for each exhibit include a descriptor of the exhibit.

11 Respondents' response to Burgon's amended petition was due on May 11, 2017.  *See* Order
12 entered March 31, 2016 (ECF No. 24) (30 days for response).  On May 11, 2017, respondents filed a
13 motion for extension of time (ECF No. 41), requesting an extension of 60 days, to July 10, 2017.
14 Respondents' counsel states that the extension of time is necessary because of his obligations in other
15 cases.  This would be the first extension of this deadline.  Petitioner does not oppose the motion for
16 extension of time.  The court finds that the motion for extension of time is made in good faith, and not
17 solely for the purpose of delay, and that there is good cause for the extension of time requested.  The
18 court will grant respondents' the 60-day extension of time.  In addition, the court will set a schedule for
19 further proceedings beyond respondents' response to the amended petition.

20 **IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to File Exhibits Under Seal
21 (ECF No. 38) is **GRANTED**.  Petitioner is granted leave of court to file his Exhibits Number 68, 69,
22 70, 73, 74 and 75 under seal.  As those exhibit have already been filed under seal, no further action is
23 necessary in this regard.

24 **IT IS FURTHER ORDERED** that petitioner's Motion to Partially Waive Local Rule
25 IA 10-3(e) (ECF No. 40) is **GRANTED**.  For purposes of this habeas corpus action, with respect to

exhibits filed by any party, the court waives the requirement in Local Rule IA 10-3(e) that the cover sheet for each filed exhibit must include a descriptor of the exhibit.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time (ECF No. 41) is **GRANTED**. Respondents shall have until and including **July 10, 2017**, to file a response to the petitioner's amended petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that, following respondents' response to the amended petition, the following schedule shall govern the further proceedings in this case:

Reply. Petitioner shall have 45 days following service of an answer to file and serve a reply. Respondents shall thereafter have 30 days following service of a reply to file and serve a response to the reply.

Briefing of Motion to Dismiss. If respondents file a motion to dismiss, petitioner shall have 60 days following service of the motion to file and serve a response to the motion. Respondents shall thereafter have 30 days following service of the response to file and serve a reply.

Discovery. If petitioner wishes to move for leave to conduct discovery, petitioner shall file and serve such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for leave to conduct discovery.

Evidentiary Hearing. If petitioner wishes to request an evidentiary hearing, petitioner shall file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an

evidentiary hearing is required, and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents shall file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner shall have 20 days to file and serve a reply in support of the motion for an evidentiary hearing.

DATED this 15th day of May, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE