UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLAY MERRITT BURGON,<br><br>        Petitioner,<br>   v.<br><br>D.W. NEVEN, *et al.*,<br><br>        Respondents. | Case No. 2:14-cv-01128-RFB-CWH<br><br>ORDER |

## I.    **Introduction**

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Clay Merritt Burgon, a Nevada prisoner. The respondents have filed a motion to dismiss. The Court will grant the motion to dismiss in part and deny it in part. The Court will dismiss one of the claims in Burgon's amended petition – Ground 3(2) – as barred by the statute of limitations; in all other respects, the motion to dismiss will be denied. This order is without prejudice to respondents raising certain of their arguments in their answer, as is explained below.

## II.    **Background**

On August 6, 2010, Burgon was charged by information with robbery with use of a deadly weapon, burglary while in possession of a firearm, failure to stop on signal of a police officer, and ex-felon in possession of a firearm. *See* Information, Exhibit 10 (ECF No. 9-10). On March 3, 2011, Burgon agreed to plead guilty to robbery with use of a

1

deadly weapon and burglary while in possession of a firearm. *See* Guilty Plea Agreement, Exhibit 19 (ECF No. 9-19). Burgon entered his guilty pleas on that same date. *See* Reporter's Transcript of Plea, Exhibit 20 (ECF No. 9-20). On May 5, 2011, Burgon was sentenced, under Nevada's habitual criminal sentencing laws, to two consecutive terms of life in prison with the possibility of parole after ten years. *See* Reporter's Transcript of Sentencing, Exhibit 21 (ECF No. 9-21). The judgment was entered May 12, 2011. *See* Judgment of Conviction, Exhibit 23 (ECF No. 9-23).

Burgon filed a notice of appeal on August 26, 2011. *See* Notice of Appeal, Exhibit 24 (ECF No. 10). Burgon's appeal was dismissed on September 16, 2011, because the notice of appeal was not timely filed. *See* Order Dismissing Appeal, Exhibit 28 (ECF No. 10-4).

On February 21, 2012, Burgon filed, in the state district court, a *pro se* petition for writ of habeas corpus. *See* Petition for Writ of Habeas Corpus, Exhibit 34 (ECF No. 10-10). Counsel was appointed, and, with counsel, Burgon filed a supplement to the petition on October 19, 2012. *See* Supplemental Brief in Support of Petition for Writ of Habeas Corpus, Exhibit 42 (ECF No. 10-18). The state district court denied the petition in a written order filed on April 19, 2013. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 47 (ECF No. 11-1). Burgon appealed. *See* Appellant's Opening Brief, Exhibit 59 (ECF No. 11-13). The Nevada Supreme Court affirmed on May 13, 2014. See Order of Affirmance, Exhibit 64 (ECF No. 11-18). The remittitur issued on June 10, 2014. *See* Remittitur, Exhibit 66 (ECF No. 11-20).

This Court received Burgon's *pro se* federal habeas petition, initiating this action, on July 9, 2014 (ECF No. 6).

On May 13, 2015, respondents filed a motion to dismiss (ECF No. 8). Burgon responded with a motion for motion for stay (ECF No. 19). Both motions were briefed (ECF Nos. 18, 20, 21, 22). On March 31, 2016, in light of the briefing of the motion to dismiss and motion for stay, the Court appointed counsel for Burgon, and denied the motions without prejudice. *See* Order entered March 31, 2016 (ECF No. 24).

Counsel appeared for Burgon (ECF No. 25), and filed an amended petition – now the operative petition in the case – on his behalf on April 11, 2017 (ECF No. 36). Burgon's amended petition asserts the following claims:

> Ground 1(1): Burgon received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because Burgon's trial counsel failed to participate in his presentence interview and failed to prepare him for the presentence interview.
>
> Ground 1(2): Burgon received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because Burgon's trial counsel failed to investigate Burgon's available defenses.
>
> Ground 2: Burgon received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because Burgon's trial counsel failed "to investigate Burgon's mental health and substance abuse history to negotiate a more favorable plea offer."
>
> Ground 3(1): Burgon received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because Burgon's trial counsel failed "to advise Burgon about the mandatory violent habitual felon statute."
>
> Ground 3(2): Burgon received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because Burgon's trial counsel failed "to object to the State's proffer of evidence regarding Burgon's two prior convictions."
>
> Ground 4: Burgon did not enter his guilty plea knowingly, intelligently or voluntarily, in violation of his federal constitutional rights.
>
> Ground 5: Burgon received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because Burgon's trial counsel failed "to file a notice of appeal, preserve Mr. Burgon's right to a direct appeal, and advise Mr. Burgon correctly regarding his appellate rights."
>
> Ground 6: Burgon received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because Burgon's trial counsel failed "to advise him against unconditionally waiving his preliminary hearing without plea negotiations pending."

Amended Petition (ECR No. 36), pp. 16-33.

Respondents filed a motion to dismiss the amended petition on August 1, 2017 (ECF No. 46). In that motion, respondents contend that certain of Burgon's claims are barred by the statute of limitations, that certain of his claims are unexhausted in state court, and that certain of his claims are barred by the rule of *Tollett v. Henderson*, 411 U.S. 258 (1973).

## III. Discussion

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, imposed a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state-court convictions or sentences:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled while a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).

The limitations period is not tolled during the pendency of a federal habeas petition. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil Procedure 15(c), a petitioner may include an otherwise untimely claim in an amended habeas petition if it relates back to a claim in a timely-filed petition. Under Rule 15(c), a

4

claim in an amended petition relates back to a claim in a timely-filed petition if the claim in the amended petition "arose out of the conduct, transaction, or occurrence set out" in the previous petition. Fed. R. Civ. P. 15(c)(1)(B). As the Supreme Court explained in *Mayle v. Felix*, 545 U.S. 644 (2005), Rule 15(c) permits relation back only when new claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Mayle*, 545 U.S. at 657 (internal quotation marks omitted).

In this case, Burgon did not file a timely direct appeal; the time for him to file a notice of appeal from the judgment of conviction ran out on June 22, 2011, and the one-year limitations period relative to this case began to run on that date. 244 days then ran against the limitations period before February 21, 2012, the date on which Burgon initiated his state habeas action, tolling the limitations period. The state habeas action concluded, and the statutory tolling stopped, when the Nevada Supreme Court issued its remittitur, on June 10, 2014.

Burgon initiated this case, and submitted his original *pro se* petition (ECF No. 6) for filing, 29 days later, on July 9, 2014. Adding that 29 days to the 244 days that elapsed before Burgon initiated his state habeas action, a total of 273 days – less than a year – elapsed before Burgon filed his original petition in this case. The original petition was, therefore, timely filed.

Burgon did not, however, file his amended petition (ECF No. 36) until over two and a half years later, on April 11, 2017. The amended petition was filed well beyond the expiration of the one-year limitations period.

Therefore, as both Burgon and the respondents recognize in their briefing of the motion to dismiss, the question of the timeliness of the claims in Burgon's amended petition, vis-à-vis the one-year statute of limitations, turns on whether the claims in the amended petition relate back, under *Mayle*, to claims in the original petition.

## B. Exhaustion

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion requirement is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

## C. Rule of *Tollett*

An unconditional guilty plea "cures all antecedent constitutional defects." *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. "He may only attack the voluntary and intelligent character of the guilty plea." *Id.* "[C]laims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead." *Mahrt v. Beard*, 849 P.3d 1164, 1170 (9th Cir. 2017).

In this case, the Court determines that, with respect to the claims that remain viable after the resolution of this motion to dismiss, as is discussed below, the question whether those claims are barred by the rule of *Tollett* will be better addressed in conjunction with the merits of the claims, after respondents file an answer and Burgon files a reply. The Court will deny respondents' motion to dismiss, without prejudice, to the extent it is

6

grounded on the *Tollett* rule. This order, therefore, is without prejudice to respondents' raising their defenses based on *Tollett* in their answer.

### D. Further Analysis of Burgon's Individual Claims

#### 1. *Ground 1(1)*

In Ground 1(1), Burgon claims that he received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because his trial counsel failed to participate in his presentence interview and failed to prepare him for the presentence interview. Amended Petition (ECF No. 36), p. 16. More specifically, Burgon claims:

> As set forth [in preceding portions of the amended petition], and hereby incorporated herein, Burgon suffered (and continues to suffer) from several mental disorders. [Citations omitted.] Given Burgon's history of mental disorders, including visual and auditory hallucinations, as well as his use (and abuse) of prescription medication and illicit drugs, trial counsel should have been present during Burgon's presentence interview. At minimum, he should have helped him prepare for the interview, given the lengthy mandatory sentence of ten to twenty-five years, ten years to life, or life without the possibility of parole that Burgon was facing. The presentence interview was yet another opportunity for trial counsel to investigate and present information about Burgon's mental illness and substance abuse to the probation office and the court in mitigation for sentencing.

*Id.*

Respondents do not contend that this claim does not relate back to Burgon's original petition. *See* Motion to Dismiss (ECF No. 46), p. 8. Indeed, in his original petition, Burgon claimed that his counsel was ineffective with respect to the presentence interview. *See* Petition for Writ of Habeas Corpus, pp. 7d-7e, 7g-7h (ECF No. 6, pp. 12-13, 15-16). Ground 1(1) relates back to the filing of Burgon's original petition, and is not barred by the statute of limitations.

Ground 1(1) is, however, unexhausted in state court. Burgon argues that this claim was exhausted in state court; in support of that argument, he points to a single sentence in his opening brief before the Nevada Supreme Court: "DPD Jorgenson [trial counsel] did not find it worthwhile to attend [Burgon's] presentence investigation interview, or to otherwise provide information to aid in the writing of the presentence investigation report." Opposition to Motion to Dismiss (ECF No. 54), pp. 14-15, citing Appellant's Opening Brief,

Exhibit 59 (ECF No. 11-13), pp. 24-25. This brief comment, made in the context of his claim that his trial counsel was ineffective for failing to adequately investigate potential mitigation evidence, was not such as to alert the Nevada Supreme Court that Burgon was making a claim of unconstitutional ineffective assistance of counsel on the ground that his counsel did not attend his presentence interview, and it said nothing about any claim that counsel was ineffective for not properly preparing Burgon for the presentence interview. Ground 1(1) is unexhausted.

### 2. *Ground 1(2)*

In Ground 1(2), Burgon claims that he received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because his trial counsel failed to investigate available defenses. *See* Amended Petition, pp. 17-18. More specifically, Burgon claims that his trial counsel failed to investigate the possibility of a diminished capacity defense or an insanity defense. *See id.* at 17. Burgon claims that had his counsel investigated those defenses, and properly advised Burgon about them, "Burgon could have plead not guilty by reason of insanity pursuant to Nev. Rev. Stat. § 174.035(5) and opted to proceed to trial," or "[a]t minimum, trial counsel should have advised Burgon to plead guilty but mentally ill pursuant to Nev. Rev. Stat. § 174.035." *Id.*

Respondents ague that this claim does not relate back to Burgon's original petition because the original petition does not mention the possibility of Burgon pleading guilty but mentally ill pursuant to NRS § 174.035. *See* Motion to Dismiss, p. 8. In Burgon's original petition, Burgon asserted the claim that his trial counsel was ineffective for not advising him regarding available defenses. *See* Petition for Writ of Habeas Corpus, p. 7 (ECF No. 6, p. 8). Burgon's claim in Ground 1(2) arises from the same core of operative facts. The mention in Ground 1(2) of a possible plea under NRS § 174.035, apparently with respect to the question of prejudice, does not change that. Ground 1(2) is not barred by the statute of limitations.

However, like Ground 1(1), Ground 1(2) is unexhausted in state court. On the appeal in his state habeas action, Burgon did not assert any claim that his trial counsel

was ineffective for failing to investigate, or advise Burgon about, any potential defenses. *See* Appellant's Opening Brief, Exhibit 59 (ECF No. 11-13).

### 3. *Ground 2*

In Ground 2, Burgon claims that he received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because his trial counsel failed "to investigate Burgon's mental health and substance abuse history to negotiate a more favorable plea offer." *See* Amended Petition, pp. 18-22.

Respondents do not argue that this claim is barred by the statute of limitations. *See* Motion to Dismiss, p. 8. Indeed, the Court finds that this claim relates back to Burgon's original petition in this case. *See* Petition for Writ of Habeas Corpus, pp. 7-7a (ECF No. 6, pp. 8-9). Ground 2 is not barred by the statute of limitations.

Nor do respondents argue that this claim is unexhausted in state court. *See* Motion to Dismiss, pp. 12-13. Burgon presented a claim such as this to the Nevada Supreme Court on the appeal in his state habeas action. *See* Appellant's Opening Brief, Exhibit 59 (ECF No. 11-13), pp. 14-23. Ground 2 is exhausted in state court.

### 4. *Ground 3(1)*

In Ground 3(1), Burgon claims he received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because his trial counsel failed "to advise Burgon about the mandatory violent habitual felon statute." *See* Amended Petition, pp. 22-27. He claims that his trial counsel "never distinguished the discretionary and mandatory nature of the habitual criminal statutes to Burgon at any time during his representation." *Id.* at 23. And, he claims that his trial counsel "fail[ed] to advise Burgon that his two qualifying prior convictions would in fact expose him to the mandatory violent habitual felon statute." *Id.* at 23-24.

Respondents argue that this claim does not relate back to Burgon's original petition in this case. *See* Motion to Dismiss, p. 9. However, the Court finds that this claim does arise from the same core facts asserted by Burgon in support of claims in his original

1 petition. *See* Petition for Writ of Habeas Corpus, pp. 22-23 (ECF No. 6, pp. 46-47). Ground 3(1) is not barred by the statute of limitations.

Respondents also argue that this claim is unexhausted in state court. *See* Motion to Dismiss, pp. 13-14. The Court disagrees. Burgon argued on the appeal in his state habeas action that his counsel was ineffective for misleading him about the habitual criminal sentencing that he could face. *See* Appellant's Opening Brief, Exhibit 59 (ECF No. 11-13), pp. 28-31; Appellant's Reply Brief, Exhibit 63 (ECF No. 11-17), pp. 3-7. That claim encompassed the claim asserted in Ground 3(1). Ground 3(1) is exhausted in state court.

### 5. *Ground 3(2)*

In Ground 3(2), Burgon claims he received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because his trial counsel failed "to object to the State's proffer of evidence regarding Burgon's two prior convictions." Amended Petition, pp. 27-28. Burgon claims that his trial counsel "should have objected to the late production of the certified copies." *Id.* at 27.

Respondents argue that this claim does not relate back to Burgon's original petition in this case. The Court agrees. There is no allegation in the original petition concerning the admissibility of the State's evidence of Burgon's prior convictions, or Burgon's counsel's failure to object to the admission of that evidence. *See* Petition for Writ of Habeas Corpus (ECF No. 6). Ground 3(2) is barred by the statute of limitations, and it will be dismissed on that basis.

### 6. *Ground 4*

In Ground 4, Burgon claims that he did not enter his guilty plea knowingly, intelligently or voluntarily, in violation of his federal constitutional rights. *See* Amended Petition, pp. 28-30. Burgon generally claims that this was so because of his mental disorders in combination with ineffective assistance of his trial counsel. *See id.*

Respondents do not contend that Ground 4 is barred by the statute of limitations. *See* Motion to Dismiss, pp. 9-10. Ground 4 relates back to Burgon's original habeas

petition, *see* Petition for Writ of Habeas Corpus (ECF No. 6), and is not barred by the statute of limitations.

Respondents argue that Ground 4 is unexhausted in state court. *See* Motion to Dismiss, pp. 14-15. The Court finds that part of Ground 4 was exhausted in state court, and the remainder was not. Burgon asserted, in state court, a claim that his plea was not entered knowingly, intelligently or voluntarily, because of faulty advice from his counsel regarding the possibility that he could be sentenced pursuant to NRS § 207.012. *See* Appellant's Opening Brief, Exhibit 59 (ECF No. 11-13), pp. 28-31; Appellant's Reply Brief, Exhibit 63 (ECF No. 11-17), pp. 3-7. Ground 4 is exhausted regarding his plea being defective because of faulty advice from his counsel as noted above. The remainder of Ground 4 regarding the defect in his plea due to his mental health is unexhausted in state court.

### 7. *Ground 5*

In Ground 5, Burgon claims that he received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because his trial counsel failed "to file a notice of appeal, preserve Mr. Burgon's right to a direct appeal, and advise Mr. Burgon correctly regarding his appellate rights." *See* Amended Petition, pp. 30-32.

Respondents do not contend that Ground 5 is barred by the statute of limitations. See Motion to Dismiss, pp. 9-10. Ground 5 relates back to Burgon's original habeas petition, *see* Petition for Writ of Habeas Corpus, p. 7i (ECF No. 6, p. 17), and is not barred by the statute of limitations.

Respondents argue that Ground 5 is unexhausted. *See* Motion to Dismiss, p. 15. The Court agrees. Burgon did not make any claim before the Nevada Supreme Court that his trial counsel was ineffective for failing to file a notice of appeal or otherwise preserve Burgon's right to a direct appeal, or advise Mr. Burgon correctly regarding his right to an appeal. *See* Appellant's Opening Brief, Exhibit 59 (ECF No. 11-13). Ground 5 is unexhausted in state court.

### 8. *Ground 6*

In Ground 6, Burgon claims that he received ineffective assistance of his trial counsel in violation of his federal constitutional rights, because his trial counsel failed "to advise him against unconditionally waiving his preliminary hearing without plea negotiations pending." *See* Amended Petition, pp. 30-32.

Respondents argue that Ground 6 does not relate back to Burgon's original petition. *See* Motion to Dismiss, p. 10. The Court finds that Ground 6 does relate back. In his original petition, apparently in support of a claim of ineffective assistance of trial counsel, Burgon alleged:

> On July 20, 2010, at the time set for a preliminary hearing on the charges and upon the advice of his attorney, [Burgon] waived his right to a preliminary hearing without an agreed upon negotiation with the State. [Citation omitted.] The record stands silent regarding the reasons and/or strategy that compelled [Burgon] and [Burgon's trial counsel] to alleviate the state of their burden at the preliminary hearing.

Petition for Writ of Habeas Corpus, p. 8 (ECF No. 6, p. 32). This is nearly identical to the facts at the core of Burgon's Ground 6, and the assertion was apparently made in support of a claim of ineffective assistance of trial counsel. Ground 6 relates back to Burgon's original petition, and is not barred by the statute of limitations.

Respondents argue that Ground 6 is unexhausted in state court. *See* Motion to Dismiss, p. 15. The Court agrees. Burgon did not make any claim before the Nevada Supreme Court that his trial counsel was ineffective with respect to his advice regarding waiver of the preliminary hearing. *See* Appellant's Opening Brief, Exhibit 59 (ECF No. 11-13). Ground 6 is unexhausted.

### E. **Anticipatory Procedural Default of Unexhausted Claims and *Martinez***

Burgon argues that if he were now to return to state court to exhaust his unexhausted claims, those claims would be procedurally barred in state court, as untimely and successive, pursuant to NRS §§ 34.726 and 34.810. *See* Opposition to Motion to Dismiss (ECF No. 54), pp. 18-19. The Court agrees. Therefore, the unexhausted claims may be considered technically exhausted, but procedurally defaulted.

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. Martinez, 566 U.S. at 15. The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review

collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 8.

In this case, Burgon argues that he can show cause under *Martinez. See* Opposition to Motion to Dismiss, pp. 20-21. The Court determines that Burgon's arguments based on *Martinez* raise the question of the merits of Burgon's unexhausted (or, rather, technically exhausted but procedurally defaulted) claims. Therefore, the matter of the procedural default of those claims will be better addressed after respondents file an answer, and Burgon files a reply. The Court will, therefore, deny respondents' motion to dismiss as to Grounds 1(1), 1(2), 4 (the unexhausted portion), 5 and 6, without prejudice to respondents asserting the procedural default defense to these claims, along with their position on the merits of the claims, in their answer.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 46) is **GRANTED IN PART AND DENIED IN PART**. Ground 3(2) of petitioner's Amended Petition (ECF No. 36) is dismissed, as barred by the statute of limitations; in all other respects, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that respondents shall file an answer, responding to petitioner's remaining claims, within 60 days from the date of this order. In all other respects, the schedule for further proceedings in this case, set forth in the order entered May 15, 2017 (ECF No. 42) will remain in effect.

DATED: March 19, 2018.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE